### WACK v. TOBIN et al.

(Supreme Court, Appellate Division, First Department. December 13, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE APPLIANCES.

　　An employé, engaged in unloading ties from a vessel, was injured by a tie falling out of a bundle while being hoisted from the vessel. Around each bundle was put a chain, with a hook at the end, catching around the standing part of the chain. The hook did not slip from the chain, and there was nothing to show that the chain did not run through it readily, so as to tighten up on the bundle. There was evidence that the chain did not tighten up as well as another chain sometimes used, but there was nothing to show that this was the fault of the hook or chain. Ties sometimes slipped out of a bundle, no matter what chain was used. *Held* not to show that the employer furnished unsafe appliances, in violation of Employer's Liability Act, Laws 1902, p. 1748, c. 600.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 173–199.]

Appeal from Trial Term.

Action by Adam Wack against John J. Tobin and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

John J. Delany, for appellants.
Herbert C. Smyth, for respondent.

SCOTT, J. The defendant appeals from a judgment entered upon a verdict for plaintiff, and from an order denying a motion for a new trial. The defendants are stevedores by whom plaintiff was employed, and the action is brought under the employer's liability act. Laws 1902, p. 1748, c. 600. At the time of his injury plaintiff was one of a gang employed in unloading railroad ties from a sailing vessel. The ties were in the hold of the vessel. They were put together in bundles, and around each bundle was put a chain with a hook at the end; the hook catching around the standing part of the chain (not in a link), so that as the bundle was hoisted its weight tended to tighten the chain and hold the bundle together. The ties were to be loaded on a freight train standing on the dock, and a platform ran along the dock; its top being level with the floors of the cars. Each bundle of ties were hoisted out of the hold by steam power, and swung over the platform. The plaintiff's duty was to stand on the platform and guide the bundles, so that the ties would be dropped at the desired spot. The plaintiff's account of how the accident happened is as follows:

"When this sling of ties came within the range of my sight, as the sling of ties came up, it struck the rigging of the nigh side of the ship; and it was my duty to stand out on the bridge to receive this here sling, and as it came across me it struck the top of the box car, and one of them came out the same as an arrow would come out of a bow, and it struck me in the limb and broke it."

The plaintiff sues under the employer's liability act; the particular fault charged against defendants being that they furnished an unsafe appliance for use in the work, in that the hook at the end of the chain was too small, that it was more open, and that it had a shorter bend than a hook sometimes used. We are unable to find in the case any evidence that the hook was defective, or that it had any peculiarity which can be said to have led to the accident. It does not appear that it slipped from the chain, or that the chain would not run through it readily, so as to tighten up on the bundle when the weight came on it. It does appear that some of the men complained to the foreman about the chain, and said that it did not draw as well as another. There was some evidence that the chain did not tighten up as well as another chain sometimes used; but there is nothing to show that this was the fault of the hook, or of any peculiarity in chain or hook which any witness could point out. It appeared that ties sometimes slipped out of the bundle, no matter what chain was used; and it is quite evident that the swinging of the bundle of ties against the rigging was sufficient to account for this particular accident. We think that plaintiff failed to show that the appliance was unfit.

The judgment and order will be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.